People v Aleman (2025 NY Slip Op 50552(U))

[*1]

People v Aleman (Conrado)

2025 NY Slip Op 50552(U)

Decided on April 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570070/20

The People of the State of New York, Respondent,
against
Conrado Aleman, Defendant-Appellant.

In consolidated criminal proceedings, defendant appeals from three judgments of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J., at pleas; Josh E. Hanshaft, J. at sentencing), each rendered June 25, 2019, convicting him, upon his pleas of guilty, of three counts of forcible touching and three counts of disorderly conduct, and imposing sentence.

Per Curiam.
Judgments of conviction (Heidi C. Cesare, J., at pleas; Josh E. Hanshaft, J. at sentencing), rendered June 25, 2019, affirmed.
Defendant's contention that his guilty pleas were not knowing, intelligent and voluntary because the plea court failed to inquire into his mental state at the time of the plea is unpreserved for our review, since he failed to raise the issue prior to sentencing (see CPL 440.10; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Buie, 128 AD3d 1281 [2015]). The narrow exception to the preservation rule is not applicable because nothing in the record cast significant doubt on the knowing or voluntary nature of defendant's guilty plea (see People v Diaz, 112 AD3d 423, 424 [2013], lv denied 23 NY3d 1036 [2014]).
As an alternative holding, we reject defendant's contention on the merits. Under the facts presented, the court was not required to conduct a sua sponte inquiry into defendant's mental condition. Defendant was rational and coherent throughout the plea proceedings, wherein he capably responded to the questions put to him, and gave no indication of mental impairment (see People v Ward, 168 AD3d 432, 433 [2019], lv denied 33 NY3d 955 [2019]; People v Rodriguez, 83 AD3d 449, 449 [2011], lv denied 17 NY3d 800 [2011]). Furthermore, defendant's counsel, who was in the best position to assess defendant's capacity, did not raise any issue with respect to his health and fitness to proceed (see People v Ragin, 136 AD3d 426, 427 [2016], lv denied 27 NY3d 1074 [2016]).
In any event, the only relief defendant requests is a dismissal of the accusatory instrument, and he expressly requests that this Court affirm his conviction if it does not grant a [*2]dismissal. Since dismissal is not warranted, we affirm on that basis as well (see People v Conceicao, 26 NY3d 375, 385 n [2015]; People v Teron, 139 AD3d 450, 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2025